IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

16 DEC 20  PM 2:56

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

MARK THOMPSON,

                **Plaintiff,**

-vs-

                                    **Case No.  A-16-CA-1132-SS**

WILLIAM JOHNS; CITY OF AUSTIN POLICE
DEPARTMENT; MAYOR CITY OF AUSTIN;
JANNETTE GOODALL, TRMC, CRM City Clerk;
and CITY OF AUSTIN,

                **Defendants.**

## O R D E R

       BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically, Defendants William Johns, City of Austin Police Department, Mayor of City of Austin Jannette Goodall, and City of Austin (Defendants)'s Motion to Dismiss [#2] and Plaintiff Mark Thompson (Plaintiff)'s Objection thereto [#5]. The Court now enters the following opinion and orders.

### Background

       The Plaintiff in this case previously filed two lawsuits concerning the same subject matter as this suit. *See Thompson v. Johns,* No. 16-CV-005-SS (W.D. Tex. April 14, 2016) (First Lawsuit); *Thompson v. Johns,* No. 16-CV-865 (W.D. Tex Aug. 24, 2016) (Second Lawsuit). The prior two lawsuits were dismissed without prejudice. *Id.*

       All three suits concern a § 1983 claim relating to an arrest in Austin that occurred late January 14, 2014, into the early hours of January 15, 2014. Plaintiff claims he was falsely arrested by Officer William Johns (Officer Johns) and the City of Austin Police was negligent in its training and supervision of Officer Johns. Am. Compl. [#6] at 2.

Case 1:16-cv-01132-SS   Document 10   Filed 12/20/16   Page 2 of 4

Plaintiff originally filed a lawsuit against William Johns and the Austin Police Department and a Motion to Proceed in *Forma Pauperis* on January 6, 2016. Order of June 15, 2016 [#18] at 1, First Lawsuit. United States Magistrate Judge Austin twice ordered Plaintiff to file a more definite statement of his claims. *Id.* Both orders were returned "undeliverable" because Plaintiff failed to apprise the Court of his current address. *Id.* 1–2. Consequently, the Court dismissed the First Lawsuit on April 13, 2016, for lack of prosecution. Order of April 14, 2016 [#14], First Lawsuit. Plaintiff then filed a motion to reinstate the original case, but this Court denied the motion as Plaintiff gave "no credible reason why he filed a lawsuit attempting to proceed *in forma pauperis* and, thereafter, made no contact with the Clerk nor gave any address whereby he could be located." Order of June 15, 2016 [#18] at 2, First Lawsuit. The Court explicitly noted Thompson could file a new lawsuit, but he would be required to pay a filing fee. *Id.* at 2 n.1.

In a second attempt, Plaintiff filed another suit against William Johns, Mayor of the City of Austin, and Jannette Goodall. Order of Aug. 24, 2016 [#5] at 2, Second Lawsuit. Plaintiff again sought to proceed *in forma pauperis*. *Id.* Magistrate Judge Austin denied Plaitiff's motion proceed in *forma pauperis*, finding Plaintiff was paid $1,400.00 a month and his bills were substantially less. Order of July 19, 2016 [#3] at 1, Second Lawsuit. Dismissing the second suit, this Court reiterated that Plaintiff must pay the filing fee before proceeding with another lawsuit. Order of Aug. 24, 2016 [#5] at 2, Second Lawsuit.

On October 11, 2016, Plaintiff filed suit for a third time, the current lawsuit, and this time he paid the filing fee. Compl. [#1]. Alleging similar claims as the two prior suits, Plaintiff sued Defendants William Johns, the City of Austin Police Department, Mayor of Austin, and Jannette Goodall. *Id.* Defendants filed a motion to dismiss, alleging insufficient service of process and the complaint is barred by statute of limitations. Mot. [#2] at 1–3. Subsequently, Plaintiff served a

summons on William Johns and the City of Austin.[1] Summons to William Johns [#3]; Summons to City of Austin [#7].

## Analysis

Statute of limitations are intended "primarily to protect defendants against stale or unduly delayed claims." *John R. Sand & Gravel Co. v. United States,* 552 U.S. 130, 133 (2008) (citations omitted). Yet, statute of limitations also aim to "achieve a broader system-related goal, such as facilitating the administration of claims, limiting the scope of a governmental waiver of sovereign immunity, or promoting judicial efficiency." *Id.* (internal citations omitted).

To determine the length of the statute of limitations for a § 1983 claim, the Court looks to the statute of limitations for personal-injury torts from the State in which the action arose. *Wallace v. Kato,* 549 U.S. 384, 387 (2007). Here, as the events underlying the lawsuit occurred in Texas, the Court looks to Texas law where a personal injury claim has a two-year period of statute of limitations. TEX. CIV. PRAC. & REM. CODE § 16.003.

For a claim of false arrest, the tort of false imprisonment provides the proper analogy to determine when a cause of action for false arrest accrues. *Wallace,* 549 U.S. at 388–89. And the statute of limitations for a claim for false imprisonment begins to run when a petitioner's false imprisonment comes to an end. *Id.* at 389 (noting such a rule is "dictated, perhaps by the reality that the victim may not be able to sue while he is still imprisoned"). The United States Supreme Court concluded the false imprisonment of "detention without legal process . . . ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Id.*

---

[1] Defendants' motion to dismiss noted the City of Austin Police Department was not a justiciable entity capable of being sued and the City of Austin is the appropriate party. Mot. [#2] at 1. Defendants assumed Plaintiff intended to sue the City of Austin.

In this case, Plaintiff was arrested early in the morning on January 15, 2014, and, according to Defendants, saw a magistrate judge who issued an order of commitment the same day. Mot. [#2] at 4. Thus, the statute of limitations for Plaintiff's § 1983 claim for false arrest began to run on January 15, 2014. More than two years have elapsed between that date and the filing of this suit.

Plaintiff argues the statute of limitations should not bar this current lawsuit because he filed the two earlier lawsuits. He claims he sent "a notice to the defendants to let them know that the case was dismiss[ed]." However, Plaintiff's earlier suits are not enough to save his current lawsuit, especially as neither of the prior two lawsuits were successfully filed because Plaintiff did not pay the filing fees associated with those suits.

Moreover, in neither of the two earlier suits were Defendants afforded sufficient service of process. *See* FED. R. CIV. P. 4(c)(1) (requiring a summons and a copy of the complaint). Defendants were not afforded reasonable notice of the claims against them and should be protected from Plaintiff's stale and unduly delayed claims. Thus, the Court finds dismissal of this case appropriate and, given that the statute of limitations bars the claims of this suit, an opportunity to amend would be futile. Therefore, the Court orders the following:

IT IS ORDERED that Defendants' Motion to Dismiss [#2] is GRANTED; and

IT IS FURTHER ORDERED that the above-styled and numbered cause is DISMISSED WITH PREJUDICE.

SIGNED this the __20th__ day of December 2016.

_Sam Sparks_
SAM SPARKS
UNITED STATES DISTRICT JUDGE